PAUL J. ANDRE, Bar No. 1965485
LISA KOBIALKA, Bar No. 191404
PERKINS COIE LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114
(650) 838-4300

Attorneys for Defendant
Goodrich Corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TELEFLEX, INC. AND TELAIR INTERNATIONAL,<br><br>Plaintiff,<br><br>v.<br><br>AERO UNION CORPORATION,<br><br>Defendant. | CASE NO.:<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THIRD PARTY GOODRICH CORPORATION'S MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER<br><br>MISCELLANEOUS MATTER<br><br>Judge:<br>Date: March 14, 2005<br>Time:<br>Courtroom: |

## I. INTRODUCTION

Goodrich Corporation ("Goodrich"), a nonparty to the above captioned litigation, respectfully requests the Court to quash Teleflex, Inc. and Telair International's (collectively "Teleflex's") subpoena *duces tecum* and for deposition ("subpoena") because it seeks information that is not relevant or likely to lead to the discovery of admissible evidence in the underlying patent litigation pending between Teleflex and Aero Union Corporation ("Aero Union"). Goodrich is also seeking a protective order from providing its highly confidential and sensitive discovery to its direct competitor, Teleflex, until such time that the magistrate judge responsible for discovery disputes in the litigation determines if such discovery is relevant. Other discovery requests subject Goodrich to

undue and unnecessary burden, as such information is more readily available from Aero Union, a party to the patent litigation.

The underlying case, pending in the Central District of California ("the Central District action"), involves power drive units, commonly referred to as PDUs, used in cargo airplanes. With its subpoena, Teleflex is seeking discovery of documents and testimony concerning Goodrich's purchase of Aero Union's Aircraft Payload Systems ("APS") product line, which includes a new Power Device Unit ("PDU") designed and developed by Aero Union for Goodrich. The purchase of Aero Union's APS product line is irrelevant to this litigation because it has nothing to do with the alleged infringing products. Similarly, the newly designed and developed PDU, which is still in the testing phase (and therefore not in production), is not at issue in the Central District action. Teleflex is attempting to use the subpoena as a mechanism to obtain information about a primary competitor's, (i.e., Goodrich's), research and development efforts and its business activities.

Furthermore, the Court in the Central District action ordered the parties to the litigation to bring their discovery dispute concerning this matter to the magistrate judge handling discovery matters in the case. Instead, Teleflex disregarded such order, and served a subpoena on Goodrich seeking the disputed discovery, attempting to circumvent the Court's instructions to bring this issue to the discovery magistrate. For these reasons, Goodrich respectfully requests the Court to grant its motion to quash and for protective order.

## II. STATEMENT OF FACTS

### A. Background of the Case

In March 2001, Teleflex brought the Central District action against Aero Union, alleging infringement of U.S. Pat. No. 5,547,069 ("the '069 patent"). In this case, Teleflex alleged that two of Aero Union's PDUs, the LPDU and SPDU, infringed its patent. *The*

*parties completed fact discovery* and expert discovery and submitted their respective dispositive motions. Aero Union moved the Court for summary judgment of invalidity. In May 2002, before the Court ruled on Aero Union's invalidity motion, Teleflex sought a stay of the litigation so it could submit certain prior art cited by Aero Union to the United States Patent and Trademark Office ("PTO") in a reexamination request for the '069 patent. The Court granted Teleflex's motion to stay the litigation. More than two and a half years later, in November 2004, the PTO concluded its reexamination of the '069 patent, and issued a reexamination certificate on November 23, 2004.

While the Central District case was stayed, Aero Union discontinued selling the alleged infringing PDUs, developed a new PDU that is substantially different than the previous PDUs, and sold its APS product line to Goodrich Corporation. The new PDU is still in the testing phase, is not being offered for sale at this time, and is not certified for use in an aircraft. As such, Teleflex's attempt to obtain discovery into this device while it is still in the research, development and testing phase is nothing more than a transparent attempt to obtain information that is not the subject of the Central District action and clearly irrelevant.

Shortly after the reexamination proceeding was completed, in January 2005, Teleflex and Aero Union met and conferred and submitted a Joint Report Regarding the Resumption of Litigation ("Joint Report") in the Central District action. Exh. 1 to Declaration of Paul J. Andre ("Andre Decl."), filed herewith. In the Joint Report, the parties set forth their positions regarding what supplemental discovery and motion practice was needed before the case could go to trial. The primary area of dispute between the parties was whether discovery relating to Goodrich's purchase of the APS product line and the development and testing of a new PDU should be permitted. The parties briefed their respective positions on this issue in the Joint Report. *See* Exh. 1 (Joint Report) to Andre Decl.

On January 26, 2005, the Court held a hearing regarding the issues set forth in the Joint Report. Andre Decl. ¶¶ 2-3. At the hearing, the Court stated that this discovery issue should be brought to Magistrate Judge Nagel, the discovery magistrate assigned to the Central District action. *Id.* Two days later, the Court issued an order which explicitly stated with emphasis: "The Court refers all <u>discovery issues to Magistrate Judge Nagel</u>." Exh. 2 to Andre Decl. (no emphasis added). In direct contravention of the Court's directive, Teleflex never raised this issue with the magistrate, and instead, on January 27, 2005, issued this subpoena on Goodrich seeking the disputed discovery. Exh. 3 (subpoena) to Andre Decl. On the same day, it served a Notice of Deposition pursuant to Fed. R.Civ. P. 30(b)(6) on Aero Union seeking discovery into the sale of Aero Union's product line to Goodrich and into the new PDU. Exh. 4 (Aero Union deposition notice) to Andre Decl.

### B. The Scope of the Subpoena

The subpoena issued by Teleflex seeks discovery into Goodrich's purchase of an entire product line, most of which is not at issue in the Central District case, and the design and development details of a new product that is not even on the market at this time. Exh. 2 to Andre Decl. For example, deposition topics and document requests numbers 1 through 4 are directed at Goodrich's sale and/or purchase of the LPDU, SPDU and Aero Union's APS division[1] and topic and request number 5 is directed at the new PDU. Not only is this information not relevant to the Central District case, it is the same discovery that Teleflex is simultaneously seeking from Aero Union. *See* Exh. 4 (Aero Union deposition notice) to Andre Decl. The District Court Judge in the Central District action was very clear in the case management conference and her subsequent order that this

---

[1] To the extent Teleflex is seeking information regarding Aero Union's sales of the LPDU and SPDU to Goodrich, Aero Union has provided all its sales information to Teleflex and has agreed to supplement its discovery responses regarding the sales it had during the stay. Exh. 1 at 4 (Joint Report) to Andre Decl.

- 4 -

discovery dispute should be taken to the magistrate judge for resolution. Andre Decl. ¶¶ 2-3 and Exhs. 1 and 2 thereto.

Topic and document request number 5 of the subpoena is directed at the operation of Aero Union's SPDU. *Id.* Such discovery is more readily available from Aero Union, who used to manufacture the SPDU. In fact, Aero Union has already produced such discovery and agreed to supplement its document production as needed. Exh. 1 (Joint Report) at 4. Such discovery requests on a nonparty are unduly burdensome.[2]

## III. ARGUMENT

### A. Teleflex Is Seeking Documents and Testimony Which Are Not Relevant To the Central District Action.

Teleflex is not entitled to discovery regarding Aero Union's sale of the APS product line to Goodrich and/or Goodrich's purchase of the APS product line, or the new PDU developed and designed by Aero Union because this information is not relevant to issues of the underlying lawsuit and Teleflex has failed to show need for the information. According to Federal Rule of Civil Procedure 26(b)(1), discovery may not be obtained on a matter which is not "relevant to the subject matter involved in the pending action." *See also Micro Motion, Inc. v. Kane Steel Col., Inc.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990); *see also Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 529 (D.Del. 2002)("a nonparty moving to quash a subpoena, in essence, is the same as moving for a protective order that such discovery not be allowed.") Generally, determining whether to grant a protective order or quash a subpoena, the courts generally look at relevance,

---

[2] Topics and document requests numbers 7 and 8 of the subpoena all relate to documents relating to and individuals knowledgeable about topics and document requests numbers 1 through 6. Consequently, these topics and requests are objectionable for the same reasons as topics and requests numbers 1 through 6.

necessity and whether the potential harm to the producing party outweighs the benefit. *See generally, id.* at 1321.

Discovery into the sale of Aero Union's APS product line is not relevant to the patent issues in the Central District action because the sale of the product line has nothing to do with whether the alleged infringing PDUs, namely the LPDU and SPDU, actually infringe the '069 patent, or any damages that could be attributed to such alleged infringement. As Teleflex has been informed, Aero Union designed and is in the process of developing a new PDU that was sold as part of its APS product line to Goodrich. Furthermore, the new PDU is still in the testing phase, and is not certified for aircraft use at this time. Thus, discovery into the sale of Aero Union's APS product line simply has no bearing on the patent issues in the Central District action. There is simply no reasonable basis, other than pure speculation and clear over-reaching, to claim to the contrary. *See e.g., Mannington Mills,* 206 F.R.D. 525 (D.Del. 2002) (nonparty's motion to quash granted because patent owner failed to show a relationship between the information being sought from the nonparty and the patent in suit.)

Additionally, discovery into Aero Union's new PDU is not relevant to the patent issues in the Central District action because this new PDU is not at issue in the Central District case. *See LG Elec. Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360 (N.D. Cal. 2002) (nonparty was granted both protective order and order quashing subpoena *duces tecum* and deposition subpoena on grounds that plaintiff sought discovery on products that had no relevance to the products that were part of the pending litigation). In fact, it appears that nothing but speculation and over-reaching is driving Teleflex's desire for discovery into the new PDU, as it has no basis to assert that it is related to the '069 patent. Designing and developing a new PDU took months of effort on the part of Aero Union, and its design is different than that of the LPDU and SPDU. Notably, "requested information is not relevant to 'subject matter involved' in a pending action if the inquiry is based on the party's mere suspicion or speculation." *Micro Motion*, 894 F.2d at 1326.

MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.

[BY050420024]

Teleflex's inquiries appear to be based on the mere "speculation" that since the new PDU was meant to be a replacement for the SPDU, it is not an "entirely new creature" and probably includes very minor changes in order to retain the SPDU's aircraft certification and recognition. See Exh. 1 (Joint Statement) at 8-9. The fact that the new PDU is a replacement of the SPDU does not lead to the conclusion that it is an infringing product. Furthermore, it is not certified for use in an aircraft. Teleflex's case against Aero Union has never included this new PDU, which is still in development. As such, any discovery on the new PDUs is irrelevant to the Central District action.

### B. Teleflex Is Attempting To Engage In A Fishing Expedition Into The Research And Development Efforts Of One Of Its Chief Competitors.

Ultimately, Teleflex is seeking discovery into its competitor's activities, namely its purchase of a product line and the development of a new product. As described above, such information is simply not likely to lead to the discovery of admissible evidence and Teleflex cannot establish the need for such information. *See Micro Motion*, 894 F.2d at 1321. The Federal Circuit has been very decisive with regard to preventing discovery from a non-party in patent cases for sensitive and confidential information that is not relevant to issues in a pending litigation. *See American Standard, Inc. v. Pfizer, Inc.*, 828 F. 2d. 734 (Fed. Cir. 1987)(where patentee sought discovery into a nonparty's sales figures to purportedly show commercial success of the alleged invention, court held that such information was not relevant because the inquiry was in a "speculative area" and many other factors unrelated to the merits of the alleged invention could have contributed to any purported commercial success); *Micro Motion* 894 F.2d at 1327 (in granting nonparty competitor's motion to quash subpoena requesting information with respect to sales and customer lists, the Court stated that: relevancy cannot be established "by merely giving an all encompassing name to distinctly separate inquiries. The issue to which each request relates must be involved.").

Teleflex is attempting to use the Central District action as a mechanism to obtain information into Aero Union's and Goodrich's sensitive research and development efforts,

- 7 -
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO.

[BY050420024]

which is not relevant. As the Court noted in *Cacique, Inc., v. Robert Reiser & Co.*, 169 F.3d. 619, 625 (9th Cir. 1999), "if this position were correct, a patentee could, in virtually every infringement suit, immediately obtain discovery from all possible competitors by merely filing a complaint asking for damages against one." *Id.* at 625. Teleflex should not be permitted to use the litigation with Aero Union as a vehicle to collect intelligence on a third party competitor. Use of discovery in such a manner is improper and amounts to nothing more than a fishing expedition. Since the information sought in Teleflex's subpoena is not relevant to the Central District action, Goodrich respectfully requests the Court to grant its motion.

        C.        **Until The Magistrate Judge Assigned To The Central District Action Makes A Ruling On The Discovery Dispute, Goodrich Should Not Be Forced To Provide Discovery That Is Not Relevant And More Easily Obtained From Aero Union.**

By serving Goodrich with a subpoena, rather than approach the magistrate judge in the Central District action, Teleflex is attempting to circumvent the Court's order regarding resolving discovery disputes. *See* Exh. 2 to Andre Decl. This very dispute regarding whether Teleflex should be entitled to seek discovery into the sale of the APS product line and the development of the new PDU was put before the Court in the Central District action, who explicitly told the parties at the January 28, 2005 hearing and in a subsequent order, to take such disputes to Magistrate Judge Nagel. Exh. 2 and ¶¶ 2-3 to Andre Decl. With this subpoena on a third party, this issue is being put before two different courts, despite being ordered to bring this dispute to the magistrate assigned to and familiar with the case.[3]

Essentially, Teleflex is attempting to go through a backdoor by serving a subpoena directly on Goodrich, hoping to obtain the disputed discovery from a third party. Wholly apart from the relevancy issue, to the extent this information is more easily obtained from

---

[3] Teleflex has sought similar discovery from Aero Union. Consequently, Goodrich anticipates that this issue will also be brought to Magistrate Judge Nagel, such that the same issue will be brought before two courts.

- 8 -

[BY050420024]

Aero Union, Teleflex's discovery requests are unduly burdensome on a third party. Fed.R.Civ.P. 45 (c). However, because Aero Union disputes this discovery, Teleflex served Goodrich with a subpoena on the same day it served Aero Union for the same discovery, hoping that Goodrich would provide the information. *See* Exhs. 3 and 4. Teleflex's strategy should not be permitted. Its subpoena on a nonparty for discovery that is not relevant and more readily obtained from a party to the litigation should be barred. At the very least, until Magistrate Nagel has had an opportunity to rule on whether such disputed discovery is proper in the Central District action, Goodrich should not be forced to produce any such information.

## IV. CONCLUSION

For all the reasons put forth above, Goodrich respectfully requests that the Court grant Goodrich's motion to quash the subpoena and for protective order.

DATED: February 11, 2005. **PERKINS COIE LLP**

By /s/
Paul J. Andre
Lisa Kobialka
Attorneys for Goodrich Corporation